```
                  United States District Court
                    District of Massachusetts
_____
                              )
JOSEPH BOYER and              )
NANCY BOYER,                  )
      Plaintiffs,             )
                              )   Civil Action No.
      v.                      )   13-10178-NMG
                              )
US Bank, N.A. as Trustee for  )
Credit Suisse First Boston CSFB )
2004-AR3,                     )
      Defendant.              )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a foreclosure action instituted by Defendant U.S. Bank, N.A. ("US Bank") with respect to a property in Andover, Massachusetts ("the Property") which is currently occupied by plaintiffs Joseph and Nancy Boyer.  Plaintiffs seek a declaratory judgment of this Court that defendant lacked standing to foreclose upon the Property because one of the preceding assignments of the mortgage was invalid.

Unfortunately for plaintiffs, shortly after the foreclosure, defendants successfully pursued summary process in Massachusetts Housing Court, and the resulting judgment was upheld by the Massachusetts Appeals Court in June, 2012. See U.S. Bank Nat'l Ass'n v. Boyer, 82 Mass. App. Ct. 1102, 969 N.E.2d 748 (2012). The Supreme Judicial Court denied further review of that decision in September, 2012. See U.S. Bank Nat. Ass'n v. Boyer, 463 Mass.

-1-

1109, 975 N.E.2d 446 (2012).  Defendants accordingly have moved to dismiss plaintiffs' complaint under the doctrine of res judicata.

This Court recently found that the doctrine res judicata bars a plaintiff from seeking to invalidate a foreclosure action that is the subject of a valid final judgment on the merits arising from summary process between the same parties because doing so would require re-litigation of issues decided by that court. See Long v. Matrix Fin. Servs. Corp., 2013 WL 1389754, at *2 (D. Mass. April 2, 2013).  That decision is directly analogous to this case.

Plaintiffs argue that (1) the Housing Court litigation did not, and could not, address a claim for declaratory judgment and (2) the instant suit is based upon newly discovered evidence that was unavailable in that forum.  Specifically, the newly discovered evidence consists of a letter from the Southern Essex District Registry of Deeds addressed to Joseph Boyer informing him that the chain of title to his mortgage has been "corrupted" by the presence of an allegedly "robo-signed" document.  Although the letter is undated, it appears to have been mailed no earlier than December 5, 2012, the date on which Register John O'Brien signed an attached affidavit.

Plaintiffs cannot, however, avoid the doctrine of res judicata based upon either argument because it applies even where

a claimant "may in the second instance present new evidence, new theories, and new prayers for ultimate relief." Miller v. Milton Hosp. and Medical Center, Inc., 2013 WL 1294137, at *2 (Mass. App. Ct., April 2, 2013) (citation omitted).  To the extent that the newly discovered evidence would favorably effect the merits of their claims against defendant, plaintiffs should present that evidence to the trial court in an effort to obtain relief from judgment pursuant to a Rule 60 motion.  Unless and until that prior judgment is vacated, plaintiffs cannot maintain this suit.  Accordingly, the Court will allow defendant's motion to dismiss the complaint without prejudice, subject to renewal only if and when plaintiffs obtain relief from the prior state court judgment.

**ORDER**

In accordance with the foregoing, defendant's motion to dismiss for failure to state a claim (Docket No. 8) is **ALLOWED** and the complaint is **DISMISSED WITHOUT PREJUDICE.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 23, 2013